IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| BRANDON DESHAWN WILLIAMS *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 9:23-CV-00139 |
| BALDEN POLK, ET AL., *Defendants.* | § § § | |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and (b)(6)**

Defendants Austin Carney ("Carney") and Christopher Melton ("Melton") (together, "Defendants"), by and through the Office of the Attorney General, file this Motion to Dismiss Plaintiff Brandon Williams ("Williams")'s claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support, Defendants respectfully offer the following:

### I. STATEMENT OF THE CASE

Williams is an inmate currently incarcerated in the Texas Department of Criminal Justice ("TDCJ"). ECF No. 1 at 1. Williams alleges that on June 2, 2021, he was lying unresponsive on the floor of his cell. *Id.* Williams then alleges that Defendants entered his cell and Carney kicked him while Melton watched. *Id.* Finally, he alleges that Defendants provided him no medical attention, instead leaving him on the floor with a wet towel on his head to keep him cool. *Id.* Williams does not specify in which capacity he sues Defendants. He seeks an injunction "to shut down or dis-continue service of state device being used against [him]." *Id.* at 4. As described below, Williams's claims are barred by the statute of limitations, sovereign immunity, and qualified immunity.

### II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits a party to move for dismissal of a complaint

for lack of subject matter jurisdiction. If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). In determining whether subject matter jurisdiction exists, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008).

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal when an opposing party fails to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Thus, while the complaint need not contain "detailed factual allegations," it must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Courts will not strain to find inferences favorable to plaintiff or accept conclusory allegations. *Southland Sec. Corp. INSpire Ins. Solutions; Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

### III. ARGUMENT

**A. Williams lacks standing to seek an injunction.**

To satisfy Article III's standing requirements, a plaintiff must show that "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." A

plaintiff seeking injunctive relief must establish more than the existence of a "past wrong" to satisfy the injury-in-fact requirement. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)). Instead, the plaintiff must show "ongoing harm or a threat of imminent harm." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 395 (5th Cir. 2015). In other words, "[t]o obtain standing for injunctive relief, a plaintiff must show that there is reason to believe that he would directly benefit from the equitable relief sought." *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997).

Here, Plaintiff seeks an injunction requesting that the court "do fact finding" and "contact corporate leaders via order by judge, to shut down or dis-continue service of state device being used against [him]." EFC No. 1 at 4. However, the allegations he made against Carney and Melton are not related to a "governmental technology" or "state device", therefore the injuries related to such a device are not fairly traceable to the challenged action of the Carney or Melton.

### B. Williams's claims against Defendants are barred by the statute of limitations.

There is no federal statute of limitations for 42 U.S.C. § 1983 actions; the relevant statute of the forum state furnishes the limitations period—but federal law determines the date the accrual commences. *See Owens v. Okure*, 488 U.S. 235 (1989). The statute of limitations in Texas for section 1983 actions is two years, as claims under section 1983 are governed by Texas's personal-injury limitations statute. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is ... two years.").

Here, Williams sues Defendants for actions which he alleges took place on June 2, 2021. ECF No. 1 at 1. Because Williams filed his lawsuit more than two years later, on August 10, 2023, his claims against Carney and Melton are barred by the statute of limitations.

### C. Defendants' official-capacity claims are barred by the Eleventh Amendment.

Neither a state nor a state official sued in his official capacity for damages is a "person" for

purposes of liability under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Moreover, a suit for damages against a state official in his official capacity is not a suit against that individual but rather is a suit against the state. *Id.* The Eleventh Amendment to the United States Constitution bars such suits against a state unless the state has waived its immunity or Congress has abrogated immunity. *Id.* Neither Congress nor the State of Texas has waived Eleventh Amendment immunity with regard to Section 1983. *Id.* Section 1983 provides a federal forum to remedy the violation of constitutional rights, but "it does not provide a federal forum for litigants who seek to remedy against a state for alleged deprivations of civil liberties." *Id.* Defendants are TDCJ employees. To the extent that they are sued in their official capacities, Williams cannot recover from them under Section 1983.

**D. Williams's relief is not narrowly drawn to his allegations against Defendants.**

An inmate's requests for injunctive relief must be viewed in conjunction with the requirements of the Prison Litigation Reform Act ("PLRA"). Under PLRA, the court must find that the prospective relief is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right" before granting injunctive relief. 18 U.S.C. § 3626(a).

In this case, Williams seeks an injunction for the court to "do fact finding / to contact corporate leaders via order by judge, to shut down or dis-continue service of state device being used against [him]..." ECF No. 1 at 4. This prospective relief is not narrowly drawn to the allegations he has made against Defendants and does not redress the alleged actions of Defendants. Williams does not allege that Defendants Carney or Melton utilized any "state device" against him and so Williams requested injunctive relief is improper in regard to Carney and Melton.

4

### E. Defendants retain their presumptive entitlement to qualified immunity.[1]

To the extent that Defendants are sued in their individual capacities, they are entitled to qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Essentially, immunity in this sense means immunity from suit, not just from liability. *Jackson v. City of Beaumont*, 958 F.2d 616 (5th Cir. 1992).

"Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who knowingly violate the law." *Brady v. Fort Bend County*, 58 F.3d 173, 174 (5th Cir. 1995). To determine whether a defendant is entitled to qualified immunity, the court engages in a two-step inquiry. The court must first ascertain whether the plaintiff has sufficiently asserted the violation of a constitutional right. *Siegert v. Gilley*, 500 U.S. 226 (1991); *see also Brewer v. Wilkinson*, 3 F.3d. 816, 820 (5th Cir. 1993), cert. denied, 510 U.S. 1123 (1994); *Correa v. Fischer*, 982 F.2d 931, 933 (5th Cir. 1993); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). If the plaintiff has asserted the violation of a constitutional right, the court must then determine whether that right had been clearly established so that a reasonable official in the defendant's situation would have understood that his conduct violated that right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Even where a prison official's conduct violated a clearly established constitutional right, the prison official is still entitled to qualified immunity if his conduct was objectively reasonable under the circumstances presented in the case. *Zarnow v. City of Wichita Falls*, 500 F.3d 401, 408 (5th Cir. 2007);

---

[1] Because qualified immunity is an "immunity from suit rather than a mere defense to liability," *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), the Fifth Circuit recently held that, "[w]hen defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion." *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022). "The rule is that 'a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation'—full stop." *Id.* (internal quotation omitted).

*Jones v. Collins*, 132 F.3d 1048, 1052 (5th Cir. 1998).

As explained below, Williams does not allege a violation of any clearly established rights against Defendants because he fails to allege facts that support a violation of the Eighth Amendment. There is no need to analyze the second prong of qualified immunity, because the lack of a violation alone entitles Defendants to dismissal of Williams's claims based upon qualified immunity.

### 1. Williams has not stated a deliberate indifference constitutional violation.

It is well-established that no recovery may be had under 42 U.S.C. § 1983 absent proof of deprivation of a right secured by the U.S. Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *Thorne v. Jones*, 765 F.2d 1270, 1272 (5th Cir. 1985). Here, Williams seemingly alleges that Defendants were deliberately indifferent to his serious medical needs. It has long been held that the Eighth Amendment's deliberate indifference standard is an "extremely high" one to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It encompasses only unnecessary and wanton infliction of pain "repugnant to the conscience of mankind." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation omitted). In the medical-care context, negligence or neglect does not rise to the level of a constitutional violation. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Applying this standard, Williams's allegations do not rise to the level of a constitutional violation.

Williams's claim against Carney and Melton which arises from their alleged failure to take him to medical when he was "wrongfully left on the floor to fend for [him]self..." with a wet towel placed on his head to keep him cool. ECF No. 1 at 1. Williams alleges that neither Defendant "properly supervis[ed] [him] medical attention when [he] was noted to be unresponsive." *Id.*

This allegation does not amount to deliberate indifference under the law. Williams has asserted no nefarious motive, nor any resulting injury from the alleged inaction. Williams has therefore failed to state an Eighth Amendment claim against Defendants. *See Hernandez v. Tex. Dep't of Protective & Reg. Servs.*, 380 F.3d 872, 883 (5th Cir. 2004) ("[A]ctions and decisions by prison officials that are merely

inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."). Even assuming *arguendo*, the Court finds that Defendants were deliberately indifferent, such deliberate indifference did not result in the requisite harm. Williams's pleadings allege no harm arising from the claims he asserts against Defendants.

### 2. Williams has not stated an excessive use of force claim.

Before a claim of excessive force may be brought under § 1983, by a prisoner claiming cruel and unusual treatment, some minimal physical injury must be sustained. *Jackson v. Culbertson*, 984 F.2d 699 (5th Cir. 1993). As the Supreme Court stated in *Hudson,* not "every malevolent touch by a prison guard gives rise to a federal cause of action." 503 U.S. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.*, at 9–10 (some internal quotation marks omitted). An inmate who complains of a "'push or shove'" that causes no discernible injury almost certainly fails to state a valid excessive force claim. *Id.*, at 9 (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.1973)). *Wilkins v. Gaddy*, 559 U.S. 34, 37–38, 130 S. Ct. 1175, 1178, 175 L. Ed. 2d 995 (2010).

Here, Williams alleges that Carney kicked him but, does not allege **any** injury from this incident and so he fails to state an excessive force claim under Section 1983.

Williams's complaint does refer to "tissue damage" but this is related to his belief that "governmental technology" is being weaponized against him. *See generally* ECF No. 1. This is evidenced by his statements that "governmental technology" is being used to produce "heat/electrical currents" resulting in a feeling that his "nervous system were being fried out." Additionally, Williams claims that he was "struck down by a[n] energetic force (vibration)" and later that night he was "struck down by the same sensation continuously until [he] passed out" and it felt like a near death experience. *Id.* at 3. It is clear from the bulk of Williams's complaint that the potential "tissue damage" he refers to is in

7

regard to suspected nerve injury caused by the "governmental technology" he purports to be harassed by at the hands of four males, none of which are Carney or Melton. *See generally* ECF No. 1.

## IV.   CONCLUSION

Defendants request that Williams's claims against them be dismissed with prejudice for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Kyle A. Perkins*
**KYLE A. PERKINS**
Assistant Attorney General
Texas State Bar No. 24144087
Kyle.Perkins@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9814

**ATTORNEYS FOR DEFENDANTS**

## NOTICE OF ELECTRONIC FILING

I, **Kyle A. Perkins**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true copy of the foregoing in accordance with the electronic case filing system of the Eastern District of Texas, Lufkin Division.

/s/ *Kyle A. Perkins*
**KYLE A. PERKINS**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **Kyle A. Perkins**, Assistant Attorney General of Texas, certify that a copy of the above and foregoing has been served via certified mail, return receipt requested to Plaintiff at the address below within one business day of March 17, 2025.

| | |
|---|---|
| Brandon DeShawn Williams, TDCJ No. 2093067<br>Smith Unit<br>1313 Country Road 19<br>Lamesa, Texas 79331-1898<br>**Plaintiff,** *pro se* | CMRRR: 9589 0710 5270 0480 2742 40 |

/s/ *Kyle A. Perkins*
**KYLE A. PERKINS**
Assistant Attorney General